UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA            CRIMINAL ACTION

VERSUS

TAMMY COPELAND            NO.: 10-00026-BAJ-SCR

RULING ON MOTION TO RECONSIDER DEFENDANT'S REQUEST
FOR RELIEF PURSUANT TO 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR
CORRECT SENTENCE

This matter is before the Court on Defendant Tammy Copeland's ("Copeland") **Motion to Re-consider Defendant's Request for Relief Pursuant to 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Doc. 85)**.

Copeland entered a guilty plea in the United States District Court for the Middle District of Louisiana to one count of Use of Interstate Facilities in the Commission of a Murder for Hire, in violation of 18 U.S.C. § 1958.[1] Copeland was sentenced to serve an 84-month term of imprisonment in the custody of the United States Bureau of Prisons, and a three-year term of supervised release upon release from imprisonment.[2] Judgment was imposed on March 20, 2012.[3]

On March 28, 2012, Copeland filed a pro se notice of appeal.[4] On April 4, 2012, the

---

[1] Record document number 42.

[2] Record document number 58.

[3] *Id.*

[4] Record document number 55.

United States Court of Appeals for the Fifth Circuit appointed counsel. *United States v. Tammy Copeland*, No. 12-30344 (5th Cir.). The appellate court further issued a briefing notice and then suspended it pending appearance by retained counsel. On July 10, 2012, briefing was resumed. On August 20, 2012, Copeland filed her appellant brief, in which she argued that her sentence was excessive.

On March 20, 2013, while her appeal was pending in the United States Court of Appeal for the Fifth Circuit, Copeland filed her § 2255 motion. Copeland asserted that her sentence is subject to collateral attack based on ineffective assistance of counsel. Specifically, Copeland asserted that she was denied effective assistance of counsel when: (1) counsel misled her into entering a guilty plea; (2) counsel failed to present any mitigating evidence at sentencing; (3) counsel failed to review the contents of the Presentence Report with her or file written objections to it; and (4) counsel failed to submit a sentencing memorandum. Copeland sought a new sentencing hearing.

On April 4, 2013, judgment was entered denying Copeland's § 2255 motion on grounds that Copeland's direct appeal was pending before the United States Court of Appeals for the Fifth Circuit.

On May 24, 2013, the United States Court of Appeals for the Fifth Circuit entered judgment affirming the conviction and sentence of the district court.[5]

As to the instant motion, Copeland now seeks reconsideration of her § 2255 motion on grounds that there has been a disposition of her direct appeal.

In *Clay v. United States*, 537 U.S. 522, 123 S.Ct. 1072 (2003), the United States

---

[5]Record document number 87.

2

Supreme Court held that a federal conviction becomes final "when this Court affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires." *Id.*, at 527, 123 S.Ct. at 1076. A petition for a writ of certiorari to review a decision by a United States Court of Appeals is timely if filed within 90 days after entry of judgment by the court of appeals. Sup.Ct.R. 13(1).

Because the time frame for Copeland to seek a writ of certiorari from the United States Supreme Court has not elapsed, Copeland's conviction is not final. Thus, the instant motion for reconsideration must be denied.

Accordingly,

Copeland's **Motion to Re-consider Defendant's Request for Relief Pursuant to 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Doc. 85) is DENIED**.

Baton Rouge, Louisiana, this 11th day of July, 2013.

      *[signature]*
      **BRIAN A. JACKSON, CHIEF JUDGE**
      **UNITED STATES DISTRICT COURT**
      **MIDDLE DISTRICT OF LOUISIANA**