UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA                                    CRIMINAL ACTION

VERSUS

TAMMY COPELAND                                    NO.: 3:10-cr-00026-BAJ-SCR

RULING AND ORDER

Before the Court is Petitioner's **MOTION TO RE-URGE HER REQUEST FOR RELIEF PURSUANT TO 28 U.S.C. §2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE. (Doc. 89).** For reasons explained below, Petitioner's request for relief pursuant to § 2255 is DENIED.

I. BACKGROUND

On February 25, 2010, a federal grand jury returned an indictment charging Petitioner with one count of using interstate commerce facilities in the commission of murder-for-hire, in violation of 18 U.S.C. § 1958. (Doc. 9). Thereafter, on July 8, 2011, Petitioner pleaded guilty to the single-count indictment, pursuant to the terms of a plea agreement. (Docs. 41, 42). Petitioner's plea agreement provided, among other things, that "[p]ursuant to Rule 11(c)(1)(C), Federal Rules of Criminal Procedure, the defendant and the United States Attorney agree that a sentence which includes a term of imprisonment not to exceed seven (7) years is the appropriate disposition of her case." (Doc. 41 at ¶ 6). The plea agreement also stated that while it was within the Court's discretion to accept or reject the plea agreement following its review of the presentence investigation report (PSI), if the

Court did *not* accept the plea agreement—including the seven-year maximum prison sentence—"[t]he Court [would] give [Petitioner] an opportunity to withdraw the plea and [would] advise [Petitioner] that, if the plea is not withdrawn, the disposition of the case may be less favorable to [Petitioner] than contemplated by the Plea Agreement." (*Id.* at ¶ 8). Finally, the Plea Agreement contained a standard appeal waiver, which limited Petitioner's right to appeal and/or collaterally attack her conviction and sentence to certain claims. (*Id.* at ¶ 4).

Prior to sentencing, the United States Probation Office prepared a PSI indicating that Petitioner faced a United States Sentencing Guidelines range of 120 months imprisonment, which was equal to the statutory maximum term of imprisonment for her offense. (Doc. 48 at ¶ 49). The PSI further stated, however, that if this Court accepted the plea agreement, "a sentence which includes a term of imprisonment not to exceed seven years is the appropriate disposition of this case." (*Id.* at ¶ 50).

Petitioner's sentencing hearing was on March 20, 2012. Petitioner did not object to the factual statements or guidelines calculation contained in the PSI. (*See* Doc. 49; Doc. 62 at pp. 4–5). Accordingly, "the court adopt[ed] the factual findings and statements, as well as the guideline applications recommended in the [PSI]." (Doc. 31 at pp. 2–3). However, the Court sentenced Petitioner to "term of 84 months" imprisonment—well-below her guidelines range of 120 months—based on the terms of her plea agreement. (*Id.* at pp. 23–24). Although the Court ultimately

accepted Petitioner's plea agreement and negotiated sentence, it stated expressly that it "struggled mightily in its effort to ascertain and consider appropriate sentencing options," and even considered "rejecting the plea agreement and permitting . . . the defendant to proceed to trial." (*Id.* at pp. 15–16).

After this Court entered judgment, Petitioner filed a notice of appeal to the U.S. Fifth Circuit Court of Appeals. (Doc. 55). Then, while her direct appeal was still pending, Petitioner filed her initial § 2255 motion. (*See id.* (Notice of Appeal filed March 28, 2012); Doc. 79 (Motion to Vacate filed March 20, 2013); Doc. 87 (Mandate of the U.S. Fifth Circuit Court of Appeals dated June 17, 2013)). Citing *Bowen v. Johnston*, 306 U.S. 19 (1939), this Court denied Petitioner's motion because she "fail[ed] to present extraordinary circumstances compelling this court to address her claims under § 2255 during the pendency of her direct appeal." (Doc. 82 at p. 3).

The Fifth Circuit affirmed Petitioner's conviction and sentence on May 24, 2013. (Doc. 87 at p. 2). Two weeks later, Petitioner filed a motion asking that this Court "re-consider her request to vacate, set aside, or correct her sentence under 28 U.S.C. §2255." (Doc. 85 at p. 1). This Court denied Petitioner's motion because even though the Fifth Circuit had, by that time, issued its mandate affirming her conviction and sentence, "the time frame for [Petitioner] to seek a writ of certiorari from the United States Supreme Court ha[d] not elapsed," and, thus, "[Petitioner's] conviction [was] not final." (Doc. 88 at p. 3).

3

As noted by Petitioner in her Motion to Re-Urge, the "timeframe" for seeking review of her conviction in the Supreme Court has since "elapsed." (Doc. 89 at ¶ 8). Accordingly, the Court will now consider the merit of the claims raised in Petitioner's initial Motion to Vacate, Set Aside, or Correct Sentence.[1] Petitioner's original § 2255 motion asserts the following grounds for relief:

> 1) [Petitioner] was misled into entering guilty plea; 2) [Petitioner's] counsel was ineffective at the sentencing; 3) [Petitioner's] counsel failed to review . . . the contents of the Presentence Report with her or file written objections thereto; and, 4) [Petitioner's] counsel failed to submit a sentencing memorandum.

(Doc. 79 at ¶ 7). A hearing on this matter is not necessary.

## II. DISCUSSION

Section 2255(a) provides a prisoner in custody with four grounds upon which relief may be granted: (1) "that the sentence was imposed in violation of the Constitution or laws of the United States"; (2) "that the court was without jurisdiction to impose such sentence"; (3) "that the sentence was in excess of the maximum authorized by law"; or (4) that the sentence "is otherwise subject to collateral attack." 28 U.S.C. § 2255(a); *see Hill v. United States*, 368 U.S. 424, 426–27 (1962). Section 2255 is designed to remedy constitutional errors and other injuries that could not be brought on direct appeal and would result in injustice if

---

[1] As an initial matter, the Court determines that Petitioner's Motion to Re-Urge is *not* a successive habeas petition requiring precertification by the Fifth Circuit because Petitioner's motion, in effect, merely challenges this Court's failure to reach the merits of her prior § 2255 motion. *See Gonzalez v. Crosby*, 545 U.S. 524, 538 (2005) ("A motion that, like petitioner's, challenges only the District Court's failure to reach the merits . . . [can] be ruled upon by the District Court without precertification by the Court of Appeals pursuant to § 2244(b)(3).").

4

left unaddressed. *See United States v. Williamson*, 183 F.3d 458, 462 (5th Cir. 1999).

Each of Petitioner's claims raise questions about the effectiveness of her trial counsel, particularly as it related to: (1) Petitioner's decision to plead guilty; and (2) counsel's conduct at sentencing. (*See* Doc. 79 at ¶ 7). In order to establish ineffective assistance of counsel, Petitioner must show: (1) her counsel's performance was deficient in that it fell below an objective standard of reasonableness; and (2) counsel's deficient performance prejudiced her defense. *Strickland v. Washington*, 466 U.S. 668, 689–94 (1984).

### A. Effect of Petitioner's Appeal Waiver

Because Petitioner specifically reserved her right to attack her conviction and sentence based on "claims of ineffective assistance of counsel," her appeal waiver does not operate to bar her arguments. (Doc. 79 at ¶ 7).

### B. Alleged Ineffective Assistance of Counsel

#### i. Guilt Phase

Petitioner's first complaint is that counsel failed to adequately inform her of the consequences of her plea agreement, particularly that she could be sentenced to a term of imprisonment up to, and including, 84 months. (*See generally* Doc. 80; *see also id.* at p. 3 ("Ms. Copeland was under the impression that the plea agreement language stating that her imprisonment would *not exceed 84-months* actually meant that she would be imprisoned for a duration that would be far less than that upper

5

limit." (emphasis in original)). Certainly, it was among defense counsel's duties to discuss with Petitioner the application of the sentencing guidelines to her case, as well as the effect of her Rule 11(c)(1)(C) plea. Here, however, Petitioner's claim that ineffective assistance of counsel tainted her decision to plead guilty fails because Petitioner cannot show that her counsel's performance was deficient at the plea bargaining stage. First, Petitioner's counsel successfully negotiated a plea agreement that capped Petitioner's potential prison sentence at seven years—a full three years below her recommended guideline sentence (and statutory maximum sentence). (Doc. 41 at ¶¶ 6, 8). Additionally, the record of the plea proceedings shows that Petitioner answered affirmatively when asked by the district court if counsel had reviewed the contents of the plea agreement with her, and, further, that Petitioner understood that if the Court accepted the plea agreement, she could be sentenced to a term of imprisonment up to "seven years." (*id.* at p. 17).

"Solemn declarations in open court carry a strong presumption of verity," *Blackledge v. Allison*, 431 U.S. 63, 74 (1977), and a Petitioner's "mere contradiction of [her] statements . . . will not carry [her] burden" of proving that he is entitled to relief from her conviction and sentence, *United States v. Raetzsch*, 781 F.2d 1149, 1151 (5th Cir. 1986). Here, Petitioner's contradictory statements are not sufficient to carry her burden of showing that trial counsel's performance was deficient because she was led to believe that by pleading guilty, she "would be imprisoned for a duration . . . far less than [84 months]," *particularly* in light of counsel's success

negotiating a Rule 11(c)(1)(C) plea. (Doc. 80 at p. 3). Indeed, "[t]here is every indication that [Petitioner's] counsel provided adequate assistance during the plea proceedings, and that [Petitioner] understood the contents of the plea agreement at the time the district court accepted [her] guilty plea." *See United States v. Henderson*, 72 F.3d 463, 465 (5th Cir. 1995); *cf. United States v. McKinney*, 406 F.3d 744, 746 (5th Cir. 2005) ("When the record of the Rule 11 hearing clearly indicates that a defendant has read and understands his plea agreement, . . . the defendant will be held to the bargain to which he agreed . . . . ." (quotation marks and alterations omitted)).

*ii. Sentencing Phase*

Next, Petitioner raises a variety of concerns regarding her counsel's effectiveness at the sentencing phase. Specifically, Petitioner asserts that "counsel failed to review . . . the contents of the Presentence Report with her or file written objections thereto," and, further, "failed to submit a sentencing memorandum." (Doc. 79 at ¶ 7).

Petitioner is simply incorrect in her assertion that "counsel failed to submit a sentencing memorandum." (*Id.*). Indeed, Petitioner's counsel submitted an 8-page sentencing memorandum—complete with supporting exhibits—arguing that "a sentence of well less than seven (7) years would be sufficient, but not greater than necessary, to comply with sentencing goals set forth in 18 U.S.C. § 3553(a)(2)," (Doc. 53 at p. 1), in light of Petitioner's family obligations, (*id.* at p. 3), employment

record, (*id.* at p. 7), health, (*id.* at pp. 3, 5), history of sexual and physical abuse, (*id.* at 4), scant criminal history and low-risk of recidivism, (*id.* at 4–5), and demonstrated remorse, (*id.* at p. 6).

In a similar vein, Petitioner's claim that "counsel failed to review . . . the contents of the Presentence Report with her" is contradicted by her statements at her sentencing hearing, where she answered affirmatively when asked by the Court if she had "an opportunity to discuss the contents of the report" with her attorneys. (Doc. 62 at p. 4). To repeat, "[s]olemn declarations in open court carry a strong presumption of verity," *Blackledge*, 431 U.S. at 74, and a Petitioner's "mere contradiction of [her] statements . . . will not carry [her] burden" of proving that she is entitled to relief from her conviction and sentence, *Raetzsch*, 781 F.2d at 1151.

In sum, Petitioner has failed to show that her counsel's performance was deficient as it related to preparation and submission of a sentencing memorandum, and/or advising her regarding the contents of the PSI.

This leaves Petitioner's claim that her counsel was ineffective for failing to submit objections to the PSI. (Doc. 80 at p. 6). Here again, however, Petitioner fails to show that her counsel's performance was deficient because she has not provided any explanation regarding what objections *could* and *should* have been made. Lacking any indication what objections counsel *should* have lodged, the Court simply cannot determine whether "counsel made errors so serious that counsel was

not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Strickland*, 466 U.S. at 687.

But even if the Court *assumes* that counsel's failure to submit objections to the presentence report constitutes deficient performance, Petitioner's claim still fails because she cannot show prejudice from this error. The record from Petitioner's sentencing makes clear that—"given the severity of [Petitioner's] conduct"—the Court "struggled mightily" before determining that "the agreed seven-year sentence [was] appropriate." (Doc. 62 at pp. 16–17). The Court's reluctance to accept the plea agreement and impose a prison sentence three-years below the guidelines range for Petitioner's offense undermines any attempt by Petitioner to "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694.

### III. CONCLUSION

In sum, Petitioner has failed to show that she is entitled to the relief that she seeks. Accordingly,

**IT IS ORDERED** that Petitioner's **MOTION TO RE-URGE HER REQUEST FOR RELIEF PURSUANT TO 28 U.S.C. § 2255 (Doc. 89)** is

**DENIED.**

Baton Rouge, Louisiana, this 30th day of April, 2014.

_____
**BRIAN A. JACKSON, CHIEF JUDGE
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**